The Full Commission has reviewed the prior Decision and Order based on the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Decision and Order. The Full Commission, however, has made minor and non-substantive changes throughout.
Upon Order of the Full Commission and pursuant to Workers' Compensation Rule 701(8), this case was decided without oral argument.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On the date of the hearing before Deputy Commissioner Bost on 28 July 1995, and at the time of the incidents in question, plaintiff was incarcerated at Southern Correctional Institute serving sentences on four counts of a first degree sexual exploitation of a minor and one count of first degree sexual offense.
2. On 26 October 1993 and 10 November 1993, plaintiff alleges that his cell was broken into and personal property worth $169.48 was stolen.
3. On both occasions, when plaintiff left his cell, he checked his door and discovered no evidence of tampering.
4. Plaintiff testified that there were no problems discovered with his door on either occasion.
5. On 10 November 1993, plaintiff checked his door to see if there was any tissue or other substance stuffed into his lock mechanism, and discovered no substances blocking the lock mechanism.
6. There was no discoverable defect or tampering with the plaintiff's cell door on 26 October and 10 November 993. Therefore, defendant was not negligent in failing to detect any alleged defect or tampering.
7. Plaintiff named Superintendent J.J. Clark, Frank Goodrum, Denmark Unit Manager and Denmark Assistant Unit Manager as the negligent employees in his affidavit.
8. Plaintiff failed to present sufficient from which a finding of negligence against any of the named employees could be found by the Full Commission.
9. Inmates are provided a locker in their cells at Southern Correctional.
10. Locks are also available for inmates to use to secure their lockers. These locks are sold for a small amount and indigent inmates may apply for use of a lock for no charge.
11. Plaintiff never attempted to utilize a lock to secure his property, despite the ease of doing so.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 26 October 1993 and 10 November 1993, there was no negligence on the part of any named officer, involuntary servant, or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is not entitled to any damages. G.S. § 143-291 et. seq.
2. Notwithstanding the above, plaintiff was contributory negligent due to his failure to take steps to prevent the loss of his property in that he did not secure his locker with a lock, and is therefore barred from any potential recovery. Id.
* * * * * * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby DENIED.
2. Each side shall pay its own costs.
 S/ __________________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER